IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BENNIE RAY JOHNSON, PRO SE, § <br> also known as § <br> BENNIE JOHNSON § <br> TDCJ-CID No. 819383, § <br> Previous TDCJ-CID No. 799113, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WILLIAM K. SUTER, § <br> Clerk, U.S. Supreme Court, § <br> § <br> Defendants. § | 2:08-CV-0070 |

### REPORT AND RECOMMENDATION TO REVOKE PAUPER STATUS AND OPPORTUNITY TO PAY FILING FEE

Plaintiff BENNIE RAY JOHNSON, acting pro se and while a prisoner confined in the custody of the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendant. Plaintiff was granted permission to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915.

Historically, courts have never been bound by a plaintiff's economic status on the filing date of a lawsuit but could re-evaluate a litigant's eligibility for pauper status where changes in his financial condition occurred during the pendency of suit. *Carter v. Telectron, Inc.*, 452 F.Supp. 939, 942 (S.D.Tex. 1976). Thus, if the allegation of poverty was determined to be no longer true because of a subsequent improvement in the economic status of the plaintiff, it was within the discretion of the district court to dismiss the proceeding or require that the costs of litigation to date be paid by the plaintiff in lieu of dismissal. *Id.* Nothing in the Prison Litigation Reform Act (PLRA) eliminated the power of the courts in this regard.

"Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F.Supp.

283, 288 (E.D.Mo. 1992). The passage of the Prison Litigation Reform Act (PLRA) was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996)(quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). Thus, the goals of section 1915 were modified by passage of the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. *See*, 28 U.S.C. § 1915(g). It logically follows that re-evaluation of a plaintiff's pauper status is appropriate where information comes to light showing he is or has been an abusive litigant who is no longer eligible to proceed in forma pauperis.

Plaintiff BENNIE RAY JOHNSON has sustained more than three dismissals in cases filed in the United States District Court for the Northern District of Texas, Amarillo Division, which fulfill the "three strikes" provision of the PLRA. Cause no. 2:07-CV-0003 was dismissed March 16, 2009 as frivolous and plaintiff's appeal was dismissed July 20, 2009; Cause no. 2:07-CV-0004 was dismissed February 27, 2009 as frivolous and for failure to state a claim and the dismissal was affirmed April 13, 2009; Cause no. 2:07-CV-0195 was dismissed as frivolous on May 18, 2009 and no appeal was taken; Cause no. 2:07-CV-0269 was dismissed as frivolous on April 28, 2009 and no appeal was taken; and Cause no. 2:09-CV-0088 was dismissed as frivolous on April 13, 2009 and no appeal was taken.

Pursuant to Title 28, United States Code, section 1915(g), the Magistrate Judge FINDS plaintiff BENNIE RAY JOHNSON has sustained three "strikes" while a prisoner and may not continue to proceed in forma pauperis in this case nor may he proceed as a pauper in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g). Review of the complaint shows that the grounds presented in this suit do not fall within the statutory exception.

Because plaintiff has already sustained "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the

Magistrate Judge to the United States District Judge that plaintiff's pauper status be REVOKED and that the instant cause be dismissed for failure to pay the requisite filing fee.

Plaintiff is advised that if he pays the remaining filing fee within <u>fourteen (14) days after the filing date hereof</u>, this Report and Recommendation of dismissal will be withdrawn.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of September 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).